UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN ANTHONY JOHNSON,

    Petitioner,

                                                                                CASE NO. 07-CV-13323
v.                                                    HONORABLE NANCY G. EDMUNDS

RAYMOND BOOKER,

    Respondent.
_____/

**OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Benjamin Anthony Johnson ("Petitioner"), a state prisoner presently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner pleaded guilty to a drug offense in the Wayne County Circuit Court and was sentenced to three to 30 years imprisonment on September 20, 2004. *See* Offender Profile, Michigan Department of Corrections ("MDOC") Offender Tracking Information System ("OTIS"). He also faces federal drug, conspiracy, and money laundering charges in this District. *See* Case No. 05-CR-80955 (E.D. Mich.) (pending before the Honorable Avern Cohn).

In his pleadings, Petitioner asserts that a prison counselor has notified him that the Michigan Parole Board has granted him parole, that he has an earliest release date of July 26, 2007, and that he has not been released from state custody. He further states that his attorney has informed him that he will be taken into federal custody from state custody in October, 2007.

1

Petitioner alleges that he is being held in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed.

**II.     Discussion**

In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner alleges that he is being held in violation of the Eighth and Fourteenth Amendments. Petitioner does not fully explain his position but he appears to claim that the MDOC is improperly holding him beyond his parole release date in order to assist federal authorities.

Holding a prisoner under an expired sentence may constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535-40 (1979); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). Such an action may also result in

a due process violation. Although the Fourteenth Amendment does not guarantee state prisoners a particular method of calculating prison sentences, *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), a state must follow minimum due process to ensure that liberty is not arbitrarily abrogated when the state creates a statutory right to release from prison. *See Vitek v. Jones*, 445 U.S. 480, 488-89 (1980); *Meachum v. Fano*, 427 U.S. 215, 226 (1976). As the United States Supreme Court has explained, the Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558.

Petitioner is currently in the custody of the MDOC with an earliest release date of July 26, 2007 and a maximum discharge date of July 26, 2034. *See* Offender Profile, OTIS. Petitioner alleges that a prison counselor has notified him that the Michigan Parole Board has granted him parole. Petitioner, however, has not provided any documentation, such as a Michigan Parole Board Notice of Action, to show that he has been granted parole and/or that he should be released from state custody. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998).

Additionally, the Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws, a liberty interest which is subject to constitutional protection. *Thompson*, 490 U.S. at 460

(citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations. *Id*. at 461. "Stated simply," the Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id*. at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). As the Court further advised:

> "A state may do this in a number of ways . . . the most common manner in which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Id*. (citing *Hewitt*, 459 U.S. at 472). In order to find that a liberty interest arises under a State's laws, the Court has required "that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id*. (quoting *Hewitt*, 459 U.S. at 471-72.

Applying these standards, the Michigan Court of Appeals and the courts within the Sixth Circuit have concluded that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Dep't. of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982); *Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). The *Hurst* court found that Michigan's parole statute provides that a prisoner shall not be released until his minimum term of imprisonment has been served, but that it *allows* an early parole as an exception to the minimum term provision. *Hurst*, 119 Mich. App. at 29, 325 N.W.2d at 617. While the statute provides factors for the Parole Board to consider, it does not mandate parole if certain criteria are met. *Id.* The Michigan Court of Appeals concluded that the State's statute "creates only a hope of early release," rather than a right to release. *Id.*

4

As Petitioner has no protected liberty interest in parole, his claim is not cognizable on federal habeas review. Petitioner has also not shown that he is being held beyond the expiration of his sentence. Habeas relief is not warranted in this case.

## III.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims in his habeas petition and that the petition must be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

5

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 27, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 27, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager